# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2344

_____

Bobbi S. Arnold; Tamera Adams;     *
Todd A. Alber; Roger Allen; Ted A.     *
Anderson; N. Daniel Beckman;     *
Mitchell A. Baxley; Robert William     *
Bennett; James E. Blaska; Lawrence D.     *
Brady; Steven J. Bramblett; Mark O.     *
Brotemarkle; Steven A.D. Brown;     *
Barbara Buck; Melvin E. Buckner;     *
Cathy M. Dodd; Thomas G. Dresner;     *
Earl A. Dye, Jr.; Darren Estes; Linda S.     *
Fincham; Jeff Forck; Fontella Ford-     *
Henry; Dean L. France; Daniel L.     *
Gillespie; Danny Grant; William C.     *
Green, Jr.; Gerald G. Greene; Kenneth M. *
Gregory; Jessica E. Haden; Kenneth     *
Hammond; R. Kirk Hankins; Robert A.     *  Appeal from the United States
Hardt; James M. Harmon; Donald M.     *  District Court for the
Hawkins; Michael E. Hayes; Michael M.  *  Western District of Missouri
Himmel; Garon Raz Holman; Bruce L.     *
Houston; Alan Hulett; Kevin Johnson;     *
Shelley J. Jones; Kevin Keith; Robert     *
Kiesling; Craig L. Klein; Kyle G. Lacy;     *
Richard Steven Lake; Phillip M. Lederle; *
William R. Lee; Stephanie Leonard;     *
Bryan Liebhart; Jon E. Martin;     *
Michael S. Martin; Emerson F. McGuire, *
II; Stephen  Monticello; Timothy T.     *
Moriarity; Brad L. Nelson; Jeffrey L.     *
Nichols; Doug H. Parsons; Jack Pestle;     *
Jack W. Phillips; Bryan Piester; Vance P. *
Pitman; Ralph G. Ross; Robert T.     *

Sanders; Roger R. Schlude, Jr.; Zim                     *
Schwartze;                                              *
                                                        *
    Plaintiff - Appellants,                                *
                                                        *
Michael Shaw;                                           *
                                                        *
    Plaintiff.                                              *
                                                        *
John Short; Rebecca Jean Showinsky;                     *
Lloyd Simons, III; Robert Smith;                        *
Charles Eric Stevenson; Wendy Stokes;                   *
Maurice Tapp; Timothy E. Thomason;                      *
Dianne Anliker Timmerman; Timothy S.                    *
Timmerman; Kent A. Unterseher; S.                       *
John Warner; William J. Westbrook;                      *
Eric White; John H. White; John H.                      *
Worden,                                                 *
                                                        *
    Plaintiffs - Appellants.                                *
                                                        *
Anthony Allen; Robert Fred Brown;                       *
Gary Cannaday; Jo C. Cooper; Chester L.                 *
Heyer; Fred P. Holmes; Robin A.                         *
Laughlin-Hoff; Kevin Moroney;                           *
Sherrie M. Plummer; Michael J. Valley;                  *
Lary F. Wright,                                         *
                                                        *
    Plaintiffs.                                             *
                                                        *
        v.                                                   *
                                                        *
City of Columbia, Missouri,                             *
                                                        *
    Defendant - Appellee.                                   *

_____

Submitted:   November 10, 1999

Filed:    December 3, 1999
_____

Before McMILLIAN, BEAM and LOKEN, Circuit Judges.
_____

McMILLIAN, Circuit Judge.

Appellants, current and former police officers employed by the City of Columbia, Missouri, (City) appeal from a final order entered in the United States District Court[1] for the Western District of Missouri granting summary judgment in favor of the City on their claims of constitutional deprivations resulting from the City's pay structure.  See Arnold v. City of Columbia, No. 98-4046-CV-C-SOW (W.D. Mo. Apr. 16, 1999).  For reversal, appellants argue that the district court erred in granting summary judgment for the City on their equal protection claim.  For the reasons stated below, we affirm.

Jurisdiction was proper in the district court based on 28 U.S.C. §§ 1331, 1343. Jurisdiction is proper in this court based upon 28 U.S.C. § 1291.  The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

## Background

The following is a summary of the essential background facts. In 1990, the City hired a consulting firm, Public Administration Services (PAS), to analyze the pay structure for all City employees and to make recommendations. PAS recommended the creation of a job classification system having 36 pay "grades" and the assignment of jobs to those pay grades using a "Position Appraisal Method." An ordinance was passed by the City which essentially adopted PAS's recommendations.

Police officers were assigned to pay grade 14. Their hourly wages were calculated by dividing the weekly pay assigned to them by 42.5, while the hourly wages for other grade 14 employees were calculated by dividing their respective weekly pay by 40.[2] The weekly pay was calculated based upon a set annual rate of pay. All City employees are paid bi-weekly. Police officers are paid based upon the number of hours worked in a pay period. The number of hours worked is also used to compute their overtime pay. The City revised its pay policy with respect to police officers in 1997.

Appellants filed the present action pursuant to 42 U.S.C. § 1983, asserting that the City's pay structure violated their equal protection and due process rights. The complaint seeks declaratory and injunctive relief, along with wages and other benefits allegedly due for the years 1991 to 1997. The City moved for summary judgment, and

---

[2]In 1985, the Supreme Court held that the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-218, applies to municipalities. See Garcia v. San Antonio Metro. Transit Auth., 469 U.S. 528 (1985). After that, the City adjusted police officers' work hours to reflect a 42.5-hour work week because the police officers have to be available to work during the half-hour per day when they normally take their lunch break. See, e.g., Henson v. Pulaski County Sheriff Dep't, 6 F.3d 531, 534-35 (8th Cir. 1993) (adopting the "predominantly-for-the-benefit-of-the-employer" standard for determining whether meal periods are compensable under the FLSA).

the district court granted the motion. Judgment was entered for the City, and appellants appealed.

## Discussion

We review a grant of summary judgment *de novo*. The question before the district court, and this court on appeal, is whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. See Crain v. Board of Police Comm'rs, 920 F.2d 1402, 1405-06 (8th Cir. 1990).

Appellants argue that the district court erred in granting summary judgment for the City on their equal protection claim. Appellants do not dispute the district court's determination that the applicable equal protection standard requires consideration of whether a rational relationship exists between the City's challenged pay structure and a legitimate governmental purpose to be served by it. Appellants contend, however, that the district court erred in concluding as a matter of law that the City has established that nexus. Appellants begin with the assumption that they are similarly situated with other grade 14 employees. Appellants note that police officers must sometimes be called upon to work during their lunch breaks, while the same necessity does not exist for many other types of municipal employees. Thus, consistent with the Fair Labor Standards Act ( FLSA), 29 U.S.C. §§ 201-218, appellants were entitled to be paid for time spent on their lunch breaks during the years 1991 through 1997, because their lunch breaks were considered to be time spent for the benefit of their employer. See Henson v. Pulaski County Sheriff Dep't, 6 F.3d 531, 534-35 (8th Cir. 1993) (adopting the "predominantly-for-the-benefit-of-the-employer" standard for determining whether meal periods are compensable under the FLSA). Appellants maintain, however, that

the City's pay structure during the relevant time period in effect forced them to forego their lunch-time pay – because they were paid a lower hourly wage vis-a-vis other grade 14 employees whose meal times were not compensated. Appellants argue that, although the City could, consistent with the FLSA, avoid paying them overtime for their half-hour lunch breaks, the City could not, consistent with the equal protection clause, require appellants to surrender their lunch-time pay entirely, while other grade 14 employees did not have to forego any pay. Framing the issue somewhat differently, appellants alternatively argue that the City could not require them to work more hours at a lower hourly rate than other grade 14 City employees. Regardless of how the issue is framed, appellants conclude, the City's pay structure failed to satisfy even the rational basis standard and violated their right to equal protection under the law. We disagree.

To prove their equal protection claim, appellants were required, as a threshold matter, to demonstrate that they were treated differently from others *similarly situated* to them. See Keevan v. Smith, 100 F.3d 644, 647-48 (8th Cir. 1996). We hold, based upon the undisputed facts, that the only relevant similarity between appellants and the other City employees to whom they wish to be compared is the fact that the jobs performed by appellants and the jobs performed by other grade 14 employees all fall within the same grade classification under the City's pay plan, which sets forth minimum-to-maximum pay ranges for each grade. See Addendum to Brief for Appellants (containing the original fiscal 1991 pay plan ordinance and an excerpt from the ordinance revising the fiscal 1991 pay plan). Appellants have not alleged that they were paid below the minimum annual salary or minimum hourly wage assigned to their grade classification under the pay plan. Thus, appellants and other grade 14 employees were not treated differently with respect to this established similarity.

To the extent appellants are challenging their 42.5-hour work week, as compared with the 40-hour work week of other grade 14 employees, we note that there are no minimum or maximum hours corresponding with the grade classifications under the City's pay plan. More importantly, appellants and other grade 14 employees are *not*

similarly situated with respect to work hours. As stated above, it is beyond genuine dispute that police officers must sometimes be called upon to work during their lunch break, while no comparable need exists for many other types of City employees. Indeed, appellants concede that, under the FLSA, the City need not pay appellants overtime until their hours exceed 171 in a 28-day period (i.e., more than 42.75 hours per week). See Brief for Appellants at 34, 39. In other words, appellants and those other grade 14 employees to whom they wish to be compared are *dissimilarly* situated in this key respect. "Treatment of dissimilarly situated persons in a dissimilar manner by the government does not violate the Equal Protection Clause." Keevan v. Smith, 100 F.3d at 648.

Finally, even if we were to assume for the sake of argument that all grade 14 employees are similarly situated for purposes of this equal protection inquiry, appellants' equal protection claim was properly dismissed on summary judgment. It is undisputed that the classification of appellants within the grade 14 pay range is a matter of economic legislation. Thus, we need not inquire any further if "a plausible reason exists for the classification." Knapp v. Hanson, 183 F.3d 786, 789 (8th Cir. 1999) (affirming dismissal of equal protection claim challenging a state statute making longevity benefits available to state highway patrol employees while they are not available to other employees of the state department of public safety). The City's governmental purpose in adopting the new pay structure was to establish a systematic method for paying its employees. The City maintains that it reasonably believed that the pay structure adopted would promote that legitimate purpose. On the specific question of whether a rational basis exists for the variation in hourly wages between police officers and other grade 14 employees, the City maintains that police officers are paid on the basis of an *annual* rate of pay that corresponds with the grade 14 classification, notwithstanding the fact that police officers must work 2.5 hours per week more than some other grade 14 employees. It is undisputed in the present case that, before the ordinance became effective, police officers were required to work 42.5 hours per week (because their lunch breaks were considered to be time spent working)

while some other grade 14 employees were required to work only 40 hours per week (because their lunch breaks were not considered to be time spent working). The ordinance merely retained the status quo with respect to these reasonable work-hour requirements. Therefore, the undisputed facts provide a rational basis for paying police officers at a lower hourly rate vis-a-vis other grade 14 employees. There is no genuine issue of fact, and the City is entitled to judgment as a matter of law on appellants' equal protection claim. See Knapp v. Hanson, 183 F.3d at 789 ("When all that must be shown is 'any reasonably conceivable state of facts that could provide a rational basis for the classification,' it is not necessary to wait for further factual development.") (quoting FCC v. Beach Communications, Inc., 508 U.S. 307, 313 (1993)).

## Conclusion

For the reasons set forth above, the judgment of the district court is affirmed.

A true copy.

Attest:

U.S. COURT OF APPEALS, EIGHTH CIRCUIT.